# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| PASCOL RIDEAU | CIVIL ACTION NO. 20-1682 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE LUNA, ET AL. | MAGISTRATE JUDGE AYO |

## MEMORANDUM RULING

Before the Court is Plaintiff Pascol Rideau's ("Rideau" or "Plaintiff") Motion for Partial Summary Judgment on Liability and Causation. See Record Document 27. Defendants George Luna ("Luna"), Fermar Transport & Equipment, L.L.C., and Knight Specialty Insurance Company (collectively "Defendants") oppose the motion. See Record Document 31. For the reasons set forth below, the motion is hereby **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

On October 14, 2019, Rideau and Luna were involved in an automobile collision. See Record Document 27-1 at 2. Luna was operating a 2016 Freightliner truck owned by Fermar Transport and Equipment, L.L.C. and insured by Knight Specialty Insurance Company. See id. Rideau was driving a 2014 Ford Escape. See id. Both Rideau and Luna were traveling south on North Main Street in Opelousas, Louisiana. See id. Luna, while attempting to change lanes, collided with Rideau's car. See id.

Plaintiff filed the instant suit on October 14, 2020, in the 27th Judicial District Court, St. Landry Parish, Louisiana seeking damages resulting from the collision. See Record Document 1-1. The suit was removed to this Court on December 23, 2020, by Defendants. See id. After conducting discovery, Plaintiff filed the instant motion for partial summary judgment as to the issues of liability and causation. See Record Document 27. Defendants oppose the motion. See Record Document 31.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Quality Infusion Care, Inc., 628 F.3d at 729. "A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993). A court may consider pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits when determining whether summary judgment is appropriate. See Fed. R. Civ. P. 56(c).

Under Rule 56, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent evidence. See Martin v. John W. Stone Oil Distrib., Inc., 819 f.2d 547, 549 (5th Cir. 1987). While the materials cited support or dispute a fact need not be admissible as evidence in their current form, the materials must be "capable of being 'presented in a form that would be

2

admissible in evidence.'" LSR Consulting, LLC v. Wells Fargo Bank, N.A., 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)).

**II.  Analysis**

Plaintiff seeks summary judgment on the issues of liability and causation. More specifically, Plaintiff argues she is entitled to summary judgment based on a theory of negligence *per se* since Luna violated La. R.S. 32:79[1]. See Record Document 27-1. In support of this argument, Plaintiff cites Luna's guilty plea related to the traffic citation, a police report from the accident, Plaintiff's propounded Requests for Admission, and excerpts from Plaintiff's deposition. See id. at 1-2.

While Defendants allude to genuine issues of material fact in their opposition, the crux of Defendants' opposition to summary judgment rests on attacking the evidence upon which Plaintiff relied to support her motion for partial summary judgment. See Record Document 31. In essence, Defendants argue Plaintiff has not produced competent summary judgment evidence. As such, the Court will address each piece of evidence in turn: the guilty plea, the police report documents, Plaintiff's propounded Requests for Admissions, and Plaintiff's partial deposition. For the reasons set forth below, the Court finds Plaintiff has not produced competent evidence to meet her burden for partial summary judgment.

---

[1] "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
(2) The department may erect signs directing slow moving traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction, and drivers of vehicles shall obey the directions of such signs."
La. R.S. 32:79.

### a. Luna's Guilty Plea

Plaintiff seeks to rely on Defendant Luna's guilty plea as conclusory evidence that Luna was negligent. See Record Document 27-1 at 6. Plaintiff argues that Luna's guilty plea establishes that he violated La. R.S. 32:79, which means that he was *negligent per se*. See id. at 7. Defendants counter this by arguing that although a guilty plea to a traffic violation can constitute *competent* evidence in a subsequent civil trial, it is not *conclusive* evidence. See Record Document 31 at 2 (emphasis added).

In Phillips v. Roofers Mart Southeast, Inc., the plaintiff attempted to rely on a similar theory of recovery in support of a Rule 50 Motion for Judgment as a Matter of Law. No. CIV.A. 09-3691, 2010 WL 4924769, at *1 (E.D. La. No. 29, 2010), aff'd sub nom. Phillips v. Louisiana State Off. Of Governor, 433 F. App'x 235, 2011 WL 2847452 (5th Cir. 2011). In response to plaintiff's negligence *per se* argument, the court explained:

> [T]he Louisiana Supreme Court has consistently rejected the doctrine of negligence per se. See Galloway v. State, 94-2747 (La. 5/22/95), 654 So.2d 1345, 1347 ("The doctrine of negligence per se has been rejected in Louisiana."); Faucheaux v. Terrebonne Consol. Gov't, 615 So. 2d 289, 292 (La. 1993) ("The terminology 'negligence per se' has been rejected in Louisiana."); Boyer v. Johnson, 360 So. 2d 1164, 1169 (La. 1978) ("A violation of a criminal statute does not automatically create liability in a particular civil case."); Laird v. Travelers Ins. Co., 263 La. 199, 267 So. 2d 714, 717 (La. 1972) ("[A] violation of a criminal statute in combination with some resultant harm does not, in and of itself, impose civil liability."); see also 12 La. Civ. L. Treatise, Tort Law § 14:7 (2d ed.) ("Louisiana does not recognize negligence per se as a consequence of the violation of [criminal motor vehicle] statutes.") This rejection has been recognized in civil actions arising from incidents in which the defendant allegedly violated a traffic statute. See Galloway, 94-2747, 654 So.2d 1345; Boyer, 360 So. 2d 1164; Laird, 263 La. 199, 267 So. 2d 714. Despite this rejection, courts in Louisiana look to these statutes as guidance for fixing civil liability. See id. The relevant inquiry is whether the prohibition in the traffic statute is designed to protect from the harm or damage which ensues from its violation.

Phillips, 2010 WL 4924769 at *4. The Phillips court also explained that when a defendant pleads guilty to a traffic citation for convenience, expediency, or expense, the admission is not conclusive of negligence. See id.

In light of the Louisiana Supreme Court's continuous rejection of the negligence *per se* doctrine, this Court finds that Plaintiff cannot rely on Luna's guilty plea to conclusively establish that Luna was negligent. Moreover, Luna's assertion that he plead guilty solely for convenience and expediency (See Record Document 31 at 2) is a credibility determination that is properly reserved for the jury to decide at trial. Thus, to grant summary judgment on the issue of liability based on the guilty plea would be to decide a genuine issue of material fact, which would be inappropriate at the summary judgment stage of these proceedings.

### b. The Police Report

Plaintiff included the police accident report in addition to the guilty plea to support her motion for summary judgment. See Record Document 27-4 at 6-11. However, in her motion, Plaintiff does not mention the police report or rely on its information. Defendants object to the introduction of the police report to the extent that it contains hearsay evidence. See Record Document 31 at 2.

While police reports can qualify as a public record excluded from the rule against hearsay under Federal Rule of Evidence 803(8), "the Fifth Circuit has consistently excluded portions of police reports that contained the officer's opinions and conclusions." Meyer v. Jencks, 513 F. Supp. 3d 706, 709 (E.D. La. 2021). Further, "witness statements contained within the report are hearsay within hearsay and each statement must independently conform with a hearsay exception to be admissible." Id. Thus, it would be inappropriate for the Court to rely on hearsay statements within the police report to grant

5

summary judgment, as Plaintiff has cited no exception hearsay exception to allow the Court to consider this report at the summary judgment stage. As such, this Court finds that the police report is not competent evidence to support a granting of summary judgment as to liability or causation.

### c. Plaintiff's Propounded Requests for Admission

Plaintiff asserts that her propounded requests for admission should be deemed admitted, specifically citing the request for admission to admit that Luna improperly merged into Rideau's lane of travel. See Record Document 27-1. However, Defendants objected to and denied these requests for admission, citing Responses to the Requests for Admission served within the time allowed by law. See Record Document 31 at 2; see also Record Document 31-2.

Requests for admissions are a discovery device governed by Federal Rule of Civil Procedure 36. Defendants have thirty days to respond or object to a request for admission. See Fed. R. Civ. P. 36(a)(3). Plaintiff propounded the Requests on June 23, 2022, and Defendants timely provided their Responses on July 13, 2022. See Record Document 31-2. As such, the responses are timely and the requests for admissions cannot be deemed admitted. The propounded requests for admission and responses by Defendants provide no basis for summary judgment.

### d. Plaintiff's Partial Deposition

Plaintiff also attaches what she claims to be a portion of her deposition, stating that "she clearly testified that the subject accident occurred in a way that is consistent with the petition for damages." Record Document 27-1 at 8. See also Record Document 27-6. Defendants object to this evidence, noting that there was no certification for the deposition. See Record Document 31 at 3.

In Payne v. Fanning, a sister court within the Western District refused to consider uncertified deposition excerpts on motions for summary judgment. No. 1:13-CV-02732, 2016 WL 4499025 (W.D. La. June 22, 2016), Report and Recommendation adopted, No. 1:13-CV-02732, 2016 WL 4499035 (W.D. La. Aug. 23, 2016). The court explained: "Plaintiffs also submitted uncertified deposition excepts. Since those submissions did not include the court reporter's certificate of authenticity, they will not be considered for purposes of these motions. See Fed. R. Civ. P. 30(f) and F.R.E. 901." Id. at *2. This Court agrees with the reasoning of Payne, finding that F.R.C.P. Rule 30(f) and F.R.E. Rule 901 necessitate the certificate of authenticity for the Court to consider deposition excerpts for summary judgment. Thus, the uncertified deposition does not constitute competent summary judgment evidence.

Thus, noting the deficiencies in Plaintiff's summary judgment evidence, the Court finds that Plaintiff has not met her burden to show there is no genuine issue of material fact and she is entitled to judgment as a matter of law. As such, Plaintiff's motion for partial summary judgment is **DENIED**.

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 26th day of September, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT